UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD BURDESS and KELLY BURDESS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | No. _____ <br><br><br><br><br> CASE BELOW: <br> District Court of Washington County, Nebraska <br> Case No. D29CI150000241 <br><br> JURY TRIAL IN OMAHA DEMANDED |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant State Farm Fire and Casualty Company ("State Farm") hereby removes the above-captioned action from the District Court of Washington County, Nebraska, to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice of Removal, State Farm states as follows:

**I.     PROCEDURAL HISTORY.**

1.     Plaintiffs Donald Burdess and Kelly Burdess (collectively, "Plaintiffs") filed their original Class Action Complaint and Jury Demand ("Class Complaint" or "Compl.") against State Farm in the District Court of Washington County, Nebraska, Case No. D29CI150000241 on November 13, 2015. State Farm's registered agent was served with the Complaint on November 17, 2015. *See* Complete State Court Record including Complaint and service papers, attached as Exhibit 1.

2.     In the Class Complaint, Plaintiffs claim that State Farm breached its contracts with Plaintiffs and alleged members of a putative class of individuals who purchased property

insurance policies from State Farm for properties located in Nebraska and made insurance claims for damage to the insured structures. Plaintiffs allege that State Farm breached its policy obligations to those insureds by "depreciating labor costs associated with repairs" of the properties. Compl. ¶ 28. Plaintiffs thus acknowledge that the "actual cash value" or "ACV" of damaged property can be calculated by applying depreciation to estimated replacement cost, but argue that when that calculation is performed, depreciation may only be applied to the materials component, and not the labor component, of estimated replacement cost.

3. State Farm has not yet filed an answer or other response to the Class Complaint.

4. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, because State Farm has satisfied the procedural requirements for removal, and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

5. CAFA jurisdiction exists because the action (1) includes alleged class members whose citizenship is diverse from that of State Farm, (2) has at least 100 putative class members, and (3) places an aggregate amount in controversy in excess of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)-(6).

## II. STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

6. State Farm's removal of this action to this Court is timely. State Farm was served with the Class Complaint on November 17, 2015, through its registered agent. This Notice of Removal has been filed within 30 days thereof, and accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

7. Venue is proper in this Court because the District Court of Washington County, Nebraska is located in the District of Nebraska. *See* 28 U.S.C. § 1441(a) (a state-filed action

subject to federal jurisdiction may be removed "to the district court … for the district … embracing the place where such action is pending").

8. As required under 28 U.S.C. § 1446(a), State Farm has attached copies of all process, pleadings, and orders served upon State Farm with respect to this action (*see* Ex. 1; copy of District Court of Washington County docket sheet, attached as Exhibit 2 hereto), and a copy of the Civil Cover Sheet for this matter also is provided herewith (*see* Exhibit 3).

9. As required under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' Counsel, and a copy is being filed with the Clerk of the District Court of Washington County, Nebraska.

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER CAFA.

10. Under CAFA, this Court has diversity jurisdiction over any asserted class action[1] that: (1) includes at least one class member whose citizenship is diverse from that of the defendant; (2) has at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)–(6).

### A. The Minimal Diversity Requirement Is Satisfied.

11. CAFA's minimal diversity requirement is satisfied. The Class Complaint specifically alleges that State Farm is "domiciled in the state of Illinois." Compl. ¶ 7. Indeed, State Farm is a citizen of the State of Illinois, as it is a stock insurance company organized under the laws of the State of Illinois and maintains its principal place of business in that State. *See* Affidavit of Jim Larson, attached hereto as Ex. 4, ¶¶ 3-6; *see also* 28 U.S.C. § 1332(c)(1).

---

[1] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs asserted their class allegations pursuant to Nebraska's class action statute. *See* Compl. ¶ 29 (citing Neb. Rev. Stat. § 25-319).

Plaintiffs, in contrast, reside in the State of Nebraska and do not allege that they lack the intent to continue their residence there, and State Farm accordingly alleges that they are citizens of Nebraska.  Compl. ¶ 6.  Moreover, Plaintiffs seek to represent a class comprised of other persons or entities who insured their Nebraska homes or other Nebraska structures under State Farm insurance policies, and at least some of those individuals certainly are citizens of Nebraska as well.  *See* Compl. at ¶ 30.

12. Because Plaintiffs and at least a portion of the putative class are citizens of states other than Illinois, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

**B. CAFA's Asserted Class Size Requirement Is Satisfied.**

13. Far more than 100 individuals would fall within the scope of Plaintiffs' proposed class.  Plaintiffs' proposed class is defined to include the following individuals:

> All persons and entities that received "actual cash value" payments, directly or indirectly, from State Farm for loss or damage to a dwelling, business, or other structure located in the State of Nebraska, such payments arising from events that occurred from November 1, 2005 through the date of trial of this Action, where the cost of labor was depreciated.

Compl. ¶ 30.

14. The statute of limitations period applicable in Nebraska for a breach of contract claim is 5 years.  *See*, *e.g.*, *Snyder v. Case*, 259 Neb. 621, 626 (2000) (citing Neb. Rev. Stat. § 25-205).  However, Plaintiffs allege that tolling of the limitation period should apply under a theory of fraudulent concealment.  *See* Compl. ¶¶ 38-49.  While State Farm concedes no such misconduct, what is pertinent for removal analysis is that the *alleged* class period purports to span 10 years, and Plaintiffs affirmatively assert this putative class consists of "hundreds if not thousands of people."  Compl. ¶ 31.  Thus, Plaintiffs' allegations alone sufficiently satisfy CAFA's 100-member threshold.  *Brown v. Mortgage Electronic Registration Systems, Inc.*, 738

F.3d 926, 932 (8th Cir. 2013) (allegations in complaint sufficient to show more than 100 class members).

15.     Additionally, State Farm's factual submission with this Notice of Removal further establishes that the class, as alleged, satisfies the 100-member minimal class size requirement under CAFA. The attached Declaration of State Farm Fire and Casualty Company employee, Juan L. Guevara, Jr., provides, among other things, information pertaining to the approximate number of damage repair estimates State Farm prepared for its insureds for damaged Nebraska structures, by policy type, in which State Farm applied a depreciation deduction. That data reflects that for homeowners losses that occurred in just two years in Plaintiffs' asserted 10-year class – the years 2013 and 2014 – there were approximately 13,000 State Farm repair estimates for Nebraska structural damage claims where depreciation was calculated on the estimate and a portion of that depreciation was attributable to embedded labor costs in Xactware unit pricing used on the estimate. *See* Declaration of Juan L. Guevara, Jr. ("Guevara Dec."), attached hereto as Ex. 5, ¶¶ 7-10. Further, after reasonable attempts to exclude from that total those estimates for homeowners insurance structural damage claims where the policyholder likely received a replacement cost benefit payment and/or was paid the full limits of his or her available structural damage coverage, there were more than 5,000 repair estimates for Nebraska structural damage claims just in 2013 and 2014 where depreciation was calculated on the estimate and a portion of that depreciation was attributable to embedded labor costs in Xactware unit pricing used on the estimate. *Id.* at ¶¶ 7-12. Thus, there would be thousands of claims potentially included within Plaintiffs' asserted class definition.

### C. The Asserted Class Claims Place More Than $5,000,000 In Controversy.

16.   Finally, State Farm hereby alleges and demonstrates by a preponderance of evidence that the proposed class claims asserted in Plaintiffs' Class Complaint raise a matter in controversy that "exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(6).

17.   The Supreme Court recently held that under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). An evidentiary showing is required only if the defendant's plausible allegations are disputed. *Id.*

18.   If the plaintiff contests the defendant's plausible allegation, the removing party's burden is only to demonstrate jurisdictional facts by a preponderance of the evidence. *Dart Cherokee*, 135 S. Ct. at 553-54; *Bell v. Hershey Co.*, 557 F.3d 953, 957-58 (8th Cir. 2009). "Under the preponderance standard, 'the jurisdictional fact is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012) (quoting *Bell*, 557 F.3d at 959) (emphases in original) (internal alterations omitted).

19.   A defendant may satisfy its burden of proof on removal through presentation of supplemental evidence, such as affidavits. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation") (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010)).

20. Once a defendant has satisfied its initial evidentiary burden in support of removal, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hartis*, 694 F.3d at 946.

21. State Farm has met its burden to establish that the foregoing damages Plaintiffs seek on behalf of the putative class would exceed the $5,000,000.00 CAFA jurisdictional limit. *See* Guevara Dec., Ex. 5, ¶¶ 7-12.

22. As set forth in that Declaration, State Farm's practice is not to depreciate stand-alone labor charges in its estimates of the cost of repair. Guevara Dec., Ex. 5, ¶ 5.[2] However, State Farm does use Xactware unit pricing in its preparation of structural damage repair costs estimates, and Xactware's unit prices typically are comprised of embedded material and labor components (and sometimes also include an equipment component). *Id.* ¶ 6. For example, Xactware's published square foot unit pricing for "R & R drywall" (i.e., remove and replace drywall) includes a material component (the drywall itself), as well as a labor component (to pull off the existing drywall and put the new drywall in place). *Id.* State Farm has generally applied depreciation in its repair estimates, when appropriate, to all elements of the published unit cost, which again may include both embedded material and labor components. *Id.*

23. The Guevara Declaration also provides information pertaining to damage repair estimates State Farm prepared for its homeowners insureds for Nebraska properties as to which depreciation reflected on those estimates was attributable to the embedded labor components of the unit pricing used in the repair estimates. Guevara Dec., Ex. 5, ¶¶ 7-12. As stated above, for just two years in the asserted class period (2013 and 2014), there were more than 13,000 such estimates.

---

[2] For example, State Farm does not apply depreciation to such stand-alone labor repair cost items as roof tear-off charges or debris removal. *Id.*

24.     Plaintiffs have asserted that they do not seek recovery of "amounts for depreciated labor" that "are later repaid to a policyholder" in the form of replacement cost payments, and further does not seek any recovery on behalf of insureds who were paid the limits of their available structural damage coverage.  *See* Compl. ¶¶ 10, 30.  State Farm has made reasonable efforts to attempt identification of State Farm estimates for claims where replacement cost benefits likely were paid in whole or in part, as well as claims where the insured may have been paid the limits of his or her structural damage coverage for a claimed loss.  *See* Guevara Dec., Ex. 5, ¶¶ 7-12.  Even when estimate data for the claims State Farm has identified as potentially falling outside of Plaintiffs' asserted action is excluded, State Farm's data just for homeowners losses that occurred just in 2013 and 2014 shows that (i) there were more than 5,000 estimates reflecting deductions for labor depreciation, and (ii) the total amount of the labor depreciation attributable to the embedded labor components of unit pricing used in the repair estimates was more than $5,300,000.00.  *Id.*  Accordingly, State Farm has shown that Plaintiffs' asserted breach of contract damages easily would exceed the CAFA $5 million aggregate damages threshold, even when just one year of Plaintiffs' asserted ten-year class period is considered.

25.     For all the foregoing reasons, State Farm has demonstrated that all prerequisites for CAFA jurisdiction have been met.

**WHEREFORE**, Defendant State Farm Fire and Casualty Company hereby removes this action from the District Court of Washington County, Nebraska, to this Court. Defendant State Farm Fire and Casualty Company demands a jury trial and requests that the jury trial occur in Omaha, Nebraska.

- 9 -

Dated: December 15, 2015     Respectfully submitted,

By: /s/ Mark C. Laughlin
Mark C. Laughlin
Robert W. Futhey
**Fraser Stryker PC LLO**
500 Energy Plaza
409 S. 17th Street
Omaha, NE 68102
Telephone: (402) 978-5267
Facsimile: (402) 341-8290
mlaughlin@fraserstryker.com
rfuthey@fraserstryker.com

## **CERTIFICATE OF SERVICE**

      I, Mark C. Laughlin, attorney for defendant in the above-entitled cause, hereby certify that on the 15th day of December, 2015, copies of the foregoing document were sent via e-mail to the following attorneys of record for Plaintiffs.

ERIC R. CHANDLER
**Law Office of Eric R. Chandler, PC, LLO**
Keeline Building
319 South 17th Street, Suite 522
Omaha, Nebraska 68102
Telephone: (402) 933-6858
Facsimile: (866) 929-7939
eric@ericchandlerlaw.com

and

M. AUSTIN MEHR
PHILIP G. FAIRBANKS
ERIK D. PETERSON
**Mehr Fairbanks Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: 859-225-3731
Facsimile: 859-225-3830
Email: amehr@austinmehr.com
Email: pgf@austinmehr.com
Email: edp@austinmehr.com

                                            By: /s/ Mark C. Laughlin